IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Lee Garner, | ) C/A No.: 2:14-2243-TLW-WWD </br> ) |
| Plaintiff, | ) </br> ) |
| vs. | ) **REPORT AND RECOMMENDATION** </br> ) |
| The Supreme Court of the United States; The United States Department of Justice; The United States District Court of Washington DC; The FBI Director, of FBI Headquarters, Washington, DC; The Director of the Federal Bureau of Prisons Wash DC; President Barack Obama; Former President George Bush, Sr.; Former President George Bush, Jr.; Vice President Joe Biden; Former Vice President Dick Cheney; U.S. Secretary of State John Kerry; Former U.S. Secretary of State Hilary Clinton; Presiding U.S. Speaker of the House Nancy Peloski; and U.S. Chief of Staff Rahm Emanuel, | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |
| Defendants. | ) </br> ) |

Plaintiff, David Lee Garner ("Plaintiff" or "Garner"), is a federal prisoner at the United States Penitentiary ("USP") in Lewisburg, Pennsylvania. Plaintiff, who is proceeding pro se and in forma pauperis, pursuant to 28 U.S.C. §§ 1915, 1915A, filed the instant lawsuit against various federal agencies, current federal officials, and former federal officials. (See generally Compl.) Under the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and

service of process, because it fails to state a plausible claim on which relief may be granted by this Court.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B).  Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam).  Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.  The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely

presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

On or about June 5, 2014, Plaintiff filed a five-page Complaint listing the following individuals and/or entities as Defendants: The Supreme Court of the United States; The United States Department of Justice; The United States District Court of Washington, DC; The FBI Director of FBI Headquarters, Washington, DC; The Director of the Federal Bureau of Prisons, Wash, DC; President Barack Obama; Former President George Bush Sr.; Former President George Bush Jr.; Vice President Joe Biden; Former Vice President Dick Cheney; Secretary of State John Kerry; Former Secretary of State Hilary Clinton; Speaker Nancy "Peloski"; and Chief of Staff Rahm "Emanuel." (See Dkt. No. 1 at 1-2 of 5.) Plaintiff filed numerous documents along with his Complaint, including a "List of Affiliates," (Dkt. No. 1-1 at 2-6 of 89); documents that appear to have been filed in other federal courts, including the Supreme Court of the United States, United States Court of Appeals for the District of Columbia Circuit, and the United States District Court for the District of Columbia (Dkt. No. 1-1 at 12-63 of 89; Dkt. No. 1-1 at 83-86 of 89); and some Discipline Hearing Officer Reports (Dkt. No. 1-1 at 64-78 of 89.)

Despite the length of Plaintiff's filings, it is impossible to ascertain the nature of Plaintiff's claim. Plaintiff does allege that his "life is in 'imminent danger' being held hostage in violation of Hostage Taken Act in . . . orchestrated federal facility in conspiracy of fraud[]

in continuance of kidnapping, murder, extortion, plot of RICO conspiracy." (Dkt. No. 1 at 2 of 5.) Plaintiff also references a "conspiracy to obstruct justice" and states (verbatim),

> The orchestrators of conspirators, captors of hostage being U.S. and state political, law enforcement government officers. That has no discretion of criminal indictment arrest. For the prosecution of the criminal statute violations of the U.S. Code of Law. . . .

(Dkt. No. 1 at 3 of 5.) In the "Relief" section of his Complaint, Plaintiff states that he seeks to "be immediately release[d] . . . from captivity" and a "ten trillion dollar check." (Dkt. No. 1 at 5 of 5.)

## DISCUSSION

The undersigned recommends dismissing Plaintiff's Complaint without prejudice and without issuance and service of process. As a preliminary matter, Plaintiff's Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2), which governs claims, provides that "[a] pleading that states a claim for relief must contain," *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement exists "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Plaintiff's Complaint does not give the Defendants fair notice of his claims or the grounds upon which his claims rest. Although Plaintiff's filing is lengthy, the undersigned is unable to identify any particular claim against a particular defendant showing that the Plaintiff is entitled to relief. See, e.g., Garner v. Supreme Court of the United States, 2013 WL 1456425, at *1, Civ. A. No. 1:13-cv-00466-UNA (D.D.C. Apr. 10, 2013), aff'd 540 F. App'x 9 (D.C. Cir. Nov. 4, 2013); see also Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir.

4

1995); Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must allege facts that support a claim for relief. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's vague claims, absent any specific allegations against Defendants, is insufficient. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) ("In a Bivens suit, there is no *respondeat superior* liability. Instead, liability is personal, based upon each defendant's own constitutional violations." (citation omitted)). Plaintiff's Complaint is therefore subject to summary dismissal.

Because Plaintiff's Complaint names current officials, former officials, employees, and agencies of the federal government, it is construed as an action brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). Plaintiff's Bivens action fails. The Complaint in the instant action provides no personal allegations against the individual Defendants; it therefore appears that these Defendants are sued in their official capacities. Such a claim fails. See Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government.");

5

Starling v. United States, 664 F. Supp. 2d 558, 563 (D.S.C. 2009) (dismissing claims against defendants in their official capacities). Plaintiff also names various federal agencies as Defendants; claims against these agencies fail. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); Global Mail Ltd. v. U.S. Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit); Moore v. U.S. Dep't of Agriculture, 55 F.3d 991, 995 (5th Cir. 1995) ("*Bivens*- type claims cannot be brought against federal agencies"). Finally, to the extent Plaintiff seeks release from custody in the instant suit, such a remedy is not available in the instant action. See Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) ("[R]elease is not available under *Bivens* . . . ."); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For all the reasons discussed herein, the undersigned recommends that the instant action be summarily dismissed.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

/s/ Wallace W. Dixon
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August 13, 2014
Charleston, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).